IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:23-CV-00518-M-RJ

| | |
|---|---|
| RICHARD POLIDI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MENDEL et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the court on the memorandum and recommendation (the "Recommendation") entered by Magistrate Judge Robert B. Jones, Jr. in this case on September 26, 2024 [DE 29], and Plaintiff's motion for an extension of time to file objections to the Recommendation [DE 30]. Plaintiff filed his motion for an extension of time on October 18, 2024, 8 days after the deadline to file objections. DE 29 at 44 (Recommendation stating that parties "shall have until **Thursday, October 10, 2024**, to file written objections") (emphasis in original). Plaintiff states in his motion that "it is unclear to [him] on which day the objections are due," and that he "originally believed the original deadline for the objections to be no earlier than October 21 and regrets if mistaken." DE 30 at 2.

These statements are not credible (considering the clear directive in the Recommendation) and fall short in establishing that Plaintiff "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 413 (4th Cir. 2010) ("A party that fails to act with diligence will be unable to establish that his conduct constituted excusable neglect"); *Symbionics Inc. v. Ortlieb*, 432 F. App'x 216, 220 (4th Cir. 2011) (counsel's

inadvertent "calendaring error" did not constitute excusable neglect). The court thus DENIES Plaintiff's motion for an extension of time.

In the Recommendation, Judge Jones recommends that the court grant Defendants' motion to dismiss [DE 15]. DE 29 at 1, 44. A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Upon careful review of the Recommendation and the record presented, and finding no clear error, the court ADOPTS the Recommendation of Judge Jones as its own. For the reasons stated therein, Defendants' motions to dismiss [DE 15] is GRANTED. The Clerk of Court is directed to close this case.

SO ORDERED this 30th day of October, 2024.

*Richard E. Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE